# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO.  3:19-CV-619-RJC-DCK

| | | |
|---|---|---|
| ALINA ROJEA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| BRIAN CREGGER, SANDI SMITH, KAY | ) | |
| VENKATRAJAN, and USI INSURANCE | ) | |
| SERVICES, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Brian Cregger, Kay Venkatrajan, and

USI Insurance Services' Motion To Dismiss" (Document No. 10).  This motion has been referred

to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is now ripe for

disposition.  Having carefully considered the arguments, the record, and the applicable authority,

the undersigned will respectfully recommend that the motion be <u>granted</u> in part and <u>denied</u> in part.

## I.  BACKGROUND

Plaintiff ("Plaintiff" or "Rojea"), appearing *pro se*, initiated this action with the filing of a

"Complaint For Employment Discrimination" (Document No. 1) against Defendants Brian

Cregger ("Cregger"), alleged to be a Technical Manager, Kay Venkatrajan ("Venkatrajan"),

alleged to be an Application Developer, and Sandi Smith ("Smith"), alleged to be a Corporate HR

Generalist, (collectively, "Defendants") on November 15, 2019.  Defendants are each alleged to

be employees of USI Insurance Services ("USI").  <u>Id.</u> at p. 3.  Plaintiff Rojea is a resident of

Charlotte, North Carolina and brings her complaint under Title VII of the Civil Rights Act of 1964

("Title VII"), alleging a variety of discrimination claims on the basis of sex, national origin, and

age for termination of employment, unequal terms and conditions of employment, retaliation, and "isolation." Id. at pp. 1, 4. Attached to Plaintiff's Complaint is the "Charge of Discrimination" that Plaintiff filed with the EEOC on August 26, 2019, which indicates that the EEOC would not pursue the charge because it "was not timely filed." (Document No. 1-1, p. 3). She also attaches to the Complaint a "Confidential Separation Agreement And General Release" that Plaintiff signed on November 16, 2018, the date of her termination of employment with USI. (Document No. 1-3).

Plaintiff's claims seem to arise from her employment with USI. Plaintiff alleges that in the summer of 2017, she and Defendants Cregger and Venkatrajan were working in the insurance group at Wells Fargo Bank ("Wells Fargo"). (Document No. 1, p. 7). During that summer, USI bought Wells Fargo's insurance group, and Plaintiff's new employment agreement with USI contained many of the same provisions as did her agreement with Wells Fargo. Id. Notably, Plaintiff would "keep the same position and title" as a Web Developer following the transition to employment with USI. Id. Prior to the transition to USI, Cregger, a "manager" at Wells Fargo, informed Plaintiff that she would be moved to a new team led by Kay Venkatrajan. Id.

Although Plaintiff alleges various leadership issues involving Cregger and Venkatrajan affecting her role at USI, the relevant event for purposes of Plaintiff's lawsuit is her layoff from USI. Id. at p. 9. On November 16, 2018, Plaintiff alleges that her employment with USI was terminated. Id. at p. 7. Plaintiff alleges that 55 employees, including herself, were laid off, and out of her team of 18 people, 4 of whom were women, she was the only female laid off. Id. Rojea contends that 50 of the 55 employees laid off were above the age of 40 years old. Id.

On December 31, 2019, the Honorable Robert J. Conrad, Jr. denied Plaintiff's motion to proceed *in forma pauperis*. (Document No. 3). The Court's order cautioned Plaintiff that although

it would grant her 30 days to file an amended complaint, her claims under Title VII appeared to have been untimely, and moreover, she did not name proper defendants because "individuals may not be held liable for unlawful discrimination under Title VII." Id. at p. 2. The Court advised Plaintiff that to avoid dismissal, she should file an amended complaint that rectified such issues. Id. at pp. 2-3.

Plaintiff filed an amended "Complaint For Employment Discrimination" on January 27, 2020 ("Amended Complaint"), adding USI as a defendant – notably, however, maintaining Cregger, Venkatrajan, and Smith as defendants, too (collectively, together with USI, "Defendants"). (Document No. 4). USI Insurance Services is a company that Plaintiff alleges is located in Valhalla, New York. Id. at p. 2. Plaintiff's Amended Complaint does not change the nature of her claims against Defendants, maintaining that her claims are brought under Title VII of the Civil Rights Act of 1964, alleging discrimination on the basis of sex, national origin, and age for termination of employment, unequal terms and conditions of employment, retaliation, and "isolation." Id. at pp. 3-4. In an exhibit to her Amended Complaint, Plaintiff seems to acknowledge the Court's warning that her claims appear time-barred—failing, though, to respond with any justification for the untimeliness: "[w]ith all my regrets, indeed I did not file the Charge of Discrimination with the Equal Employment Opportunities [sic] Commission [EEOC] in time." (Document No. 4-1, p. 1). The Amended Complaint does not include a recitation of facts, as did Plaintiff's original Complaint, and it does not contain as exhibits the Charge of Discrimination filed with the EEOC or the Separation Agreement and Release.

Defendants Cregger, Venkatrajan, and USI filed a "Motion To Dismiss" on March 20, 2020 (Document No. 10), along with a "Brief In Support Of Their Motion To Dismiss" on the same day

(Document No. 11).[1]  By the pending motion, Cregger, Venkatrajan, and USI ("Movants") seek

dismissal of Plaintiff's original and Amended Complaints pursuant to Fed.R.Civ.P. 12(b)(6).

(Document No. 10).  Plaintiff filed an "Opposition To Motion To Dismiss" on March 30, 2020.

(Document No. 17).  Movants filed a "Reply Brief In Support Of Their Motion To Dismiss" on

April 2, 2020.  (Document No. 19).  Plaintiff then filed an "Opposition To Reply Brief In Support

Of Motion To Dismiss" (a surreply) without leave of Court on April 16, 2020.  (Document No.

20).  See Local Rule 7.1(e) (prohibiting the filing of surreplies without leave of Court).  The

pending "Motion To Dismiss" has now been fully briefed and is ripe for review.

## II.  STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the

complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the

applicability of defenses."  Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992);

Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000).  A

complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts

to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Robinson v.

American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009).  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice."  Id.

---

[1] Notably, Defendant Smith does not join the motion because "Plaintiff's attempt to serve Ms. Smith" "by mailing a copy of the Summons and Complaint directed to her attention at USI" was not, as the pending "Motion To Dismiss" alleges, compliant with Rule 4 of the Federal Rules of Civil Procedure since Smith is no longer employed at USI. (Document No. 10, p. 1, n.2).

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993). As applied to *pro se* plaintiffs, district courts must hold *pro se* complaints to "'less stringent standards than formal pleadings drafted by lawyers' and [such complaints] can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).

### III. DISCUSSION

Movants' "Motion To Dismiss" asks the Court to dismiss Plaintiff's claims in both the original and Amended Complaints pursuant to Fed.R.Civ.P. 12(b)(6) for three reasons: (1) the claims are untimely against all Defendants; (2) Title VII does not "provide for individual liability"; and (3) Plaintiff "released all of the claims she brings here." (Document No. 10, p. 1). Movants also "request an award of costs and reasonable attorneys' fees" pursuant to Section 706(k) of Title VII. Id. In their brief in support of the pending motion, Movants point out that "it is unclear which complaint allegations are properly before the Court on this motion." (Document No. 11, p. 2). As

5

stated above in the "Background" Section to this Memorandum and Recommendation, Plaintiff's Amended Complaint does not contain a corresponding recitation of the factual allegations underpinning her claims. The Court notes that the only real difference between the original Complaint and the Amended Complaint is Plaintiff's addition of USI as a Defendant and an admission of her untimeliness in filing the Charge of Discrimination with the EEOC. Movants' characterization of the Amended Complaint as "a response to the Court's denial of her application to proceed *in forma pauperis*" is thus a fair portrayal. Id. Movants also construe Plaintiff's original and Amended Complaints as bringing claims under both Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967 ("ADEA"). Id. They point out that "although she did not check the ADEA box in either pleading, she checked the 'age' box on the following page." Id. Finally, at the outset of their brief in support of their motion, Movants point out that the Court in its order denying Plaintiff's motion to proceed *in forma pauperis* explicitly warned her about the timeliness issue with her claims and the fact that Title VII did not provide for individual liability. Id. at p. 3.

With respect to Movants' first argument in support of their pending motion to dismiss pursuant to Rule 12(b)(6), they contend that "all of Ms. Rojea's claims are untimely" because Title VII "requires an individual to file an EEOC charge within 180 days of each alleged violation." Id. at p. 4 (citing 42 U.S.C. § 2000e-5(e)(1); McCullough v. Branch Banking & Trust Co., 35 F.3d 127, 131 (4th Cir. 1994)). In order to be timely filed, Movants contend, the EEOC Charge of Discrimination would have needed to be filed by May 15, 2019. (Document No. 11, p. 4). Plaintiff contends in response that her claims are not untimely because she received a Notice of Right to Sue letter from the EEOC, and she filed her Complaint within 90 days of the Notice letter, as it instructed. (Document No. 17, p. 1). Such a fact does not save Plaintiff's claims, Movants argue,

6

because "[r]egardless of whether [Plaintiff] files suit within 90 days of receiving a right-to-sue letter," the statutory 180-day charge filing deadline must still be respected. (Document No. 19, pp. 1-2).

The Court agrees with Movants – given that the date that Plaintiff filed her EEOC Charge of Discrimination (August 26, 2019) was over three months past the 180-day deadline, Plaintiff's Title VII claim is untimely and should be dismissed. Even construing Plaintiff's original and Amended Complaints liberally, as Movants do, so as to assume that she meant to bring a claim under *both* Title VII and the ADEA—even though, as Movants point out, "she did not check the ADEA box in either pleading"—an ADEA claim is similarly untimely and should be dismissed. The ADEA statute contains the same 180-day charge filing time limit as does Title VII. See 29 U.S.C. § 626(d)(1)(A).

This rule, though strict, is explicitly stated in the statutes at 42 U.S.C. § 2000e-5(e)(1) and 29 U.S.C. § 626(d)(1)(A), and it is also borne out in case law. EEOC v. Commercial Office Prods. Co., 486 U.S. 107, 110 (1988) ("[t]he time limit provisions of Title VII as interpreted by this Court establish the following procedures for filing discrimination charges with the EEOC…a complainant must file a discrimination charge with the EEOC within 180 days of the occurrence of the alleged unlawful employment practice"); Hospodor v. Burlington Indus., Inc., 205 F.3d 1333 (4th Cir. 2000) (under "the ADA, the ADEA, and Title VII, an employee cannot seek redress in federal court for an employer's alleged discriminatory conduct unless he filed a charge of discrimination with the EEOC within 180 days"); McCullough, 35 F.3d at 131 ("[w]hen the plaintiff fails to file such a complaint in a timely fashion with the EEOC, the claim is time-barred in federal court…[t]his filing requirement acts as a 180-day statute of limitations"); Donaghy v. New York Life Ins. Co., 854 F.2d 1316 (4th Cir. 1988) (affirming district court's dismissal of

ADEA claim that was not timely filed with the EEOC within 180 days of the allegedly discriminatory employment action); and Martin v. ISS Facilities, 2020 WL 5015451, at *4 (W.D.N.C. June 22, 2020) (even where Plaintiff received a Notice of Right to Sue letter from the EEOC, failure to file the Charge of Discrimination with the EEOC within the 180-day time limit was fatal to the Title VII claim).

The undersigned highlights that Plaintiff was explicitly cautioned about such a result in the Court's December 31, 2019 order, and Plaintiff failed to present an appropriate claim in her Amended Complaint that would be timely. See (Document No. 3, p. 2) ("it appears that Plaintiff failed to preserve any employment discrimination claim she may have had by failing to timely file her Charge of Discrimination with the [EEOC]"). Thus, particularly given that context, failure to file a timely charge with the EEOC is enough reason standing alone to grant Movants' Motion to Dismiss. There are no allegations of fact that warrant equitable tolling of this 180-day charge filing period in this case. See Hentosh v. Old Dominion Univ., 767 F.3d 413, 417 (4th Cir. 2014) ("[t]he court retains discretion [] to equitably toll the statutory deadline"); and Olson v. Mobil Oil Corp., 904 F.2d 198, 201 (4th Cir. 1990) ("[t]he limitations period will not be tolled unless an employee's failure to timely file results from either a deliberate design by the employer or actions that the employer should unmistakably have understood would cause the employee to delay filing his charge") (internal citations and quotations omitted).

Although the Court finds that the timeliness argument is sufficient to warrant dismissal of Plaintiff's claims, the undersigned notes that Movants make additional arguments supporting their pending motion to dismiss pursuant to Rule 12(b)(6). They contend that "[i]ndividuals cannot be held liable under Title VII or the ADEA." (Document No. 11, p. 4). The Court explicitly advised Plaintiff of this proposition in the December 31, 2019 order denying Plaintiff's motion to proceed

*in forma pauperis*, citing <u>Birkenbeck v. Marvel Lighting Corp.</u>, 30 F.3d 507, 510-11 (4th Cir. 1994) and <u>Lissau v. Southern Food Serv. Inc.</u>, 159 F.3d 177, 180 (4th Cir. 1998). <u>See</u> (Document No. 3, p. 2). Thus, the undersigned finds that as to the individual Defendants Cregger, Venkatrajan, and Smith (even though Smith does not join in the pending motion because of an alleged service of process deficiency), Plaintiff's claims should be dismissed.

Movants' final argument in support of their pending motion is that Rojea released her claims against Defendants in the attached document to the original Complaint, "Confidential Separation Agreement And General Release." <u>See</u> (Document No. 1-3). Movants contend that her release was knowing and voluntary, as the standards for waiver of rights pursuant to Title VII and the ADEA require. (Document No. 11, pp. 4-5). Movants also contend that Plaintiff's release of claims satisfied the additional requirements for a valid waiver of rights under the ADEA. <u>Id.</u> at p. 5. The Court is persuaded by such an argument but declines to analyze it further in this Memorandum and Recommendation based on the strength of the timeliness argument discussed above, which counsels in favor of granting the motion to dismiss. Importantly, the Court would like to point out, though, that Plaintiff's contention that she did not read the release of claims agreement "carefully and thoroughly at that time" because of "shock and stress[]" will not eviscerate the validity of the agreement. <u>See</u> <u>Davis v. Davis</u>, 124 S.E.2d 130, 133 (N.C. 1962) ("[o]ne who signs a written contract without reading it, when he can do so understandingly, is bound thereby unless the failure to read is justified by some special circumstance"). Particularly here, where Plaintiff signed a release of claims agreement that contains in explicit, bold lettering an acknowledgement that she "read [the] agreement carefully," her argument to the contrary is unavailing. (Document No. 1-3, p. 10).

As for Movants' request for reasonable attorneys' fees and costs pursuant to Section 706(k) of Title VII, the undersigned respectfully recommends that such request be denied.  See 42 U.S.C. § 2000e-5(k) ("the court, in its discretion, may allow the prevailing party…a reasonable attorney's fee [] as part of the costs").  The undersigned notes that the language of the statute indicates that the award of costs and fees under Title VII is not mandatory, but rather it is within a district court's *discretion* to award such costs.  Here, the undersigned would recommend that the Court decline in its discretion to grant such an award.

## IV.  RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Brian Cregger, Kay Venkatrajan, and USI Insurance Services' Motion To Dismiss" (Document No. 10) be **GRANTED**.  The undersigned also respectfully recommends that Movants' request for reasonable attorneys' fees and costs be **DENIED**.

## V.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Id.  "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue

with sufficient specificity so as reasonably to alert the district court of the true ground for the

objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette,

478 F.3d 616, 622 (4th Cir. 2007)).


       **IT IS SO RECOMMENDED**.

Signed: February 24, 2021

David C. Keesler
United States Magistrate Judge