UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-619-RJC-DCK

| ALINA ROJEA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) | ORDER |
| BRIAN CREGGER, SANDI SMITH, KAY DSOUZA VENKATRAJAN, and USI INSURANCE SERVICES, | ) ) ) ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** comes before the Court Defendants' Motion to Dismiss, (Doc. No. 10); Defendants' Memorandum in Support, (Doc. No. 11); Plaintiff's Response, (Doc. No. 17); Defendants' Reply, (Doc. No. 19); Plaintiff's Surreply, (Doc. No. 20); the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 22), recommending that this Court grant Defendants' Motion to Dismiss; Plaintiff's Objection to the M&R, (Doc. No. 23); Defendants' Reply to Plaintiffs' Objection, (Doc. No. 24); and Plaintiff's Reply, (Doc. No. 25).

## I. BACKGROUND

Although Plaintiff alleges additional facts that took place after the actions alleged in the Complaint, (Doc. No. 23 at 1), no party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

## II. STANDARD OF REVIEW

The district court has authority to assign non-dispositive pretrial matters

1

pending before the Court to a magistrate judge to "hear and determine." 28 U.S.C. § 636(b)(1)(A). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). De novo review is not required by the statute when an objecting party makes only general or conclusory objections that do not direct a court to a specific error in the recommendations. Orpiano v. Johnson, 687 F.2d 44 (4th Cir. 1982). Further, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 178 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly, this Court has conducted a review of the Magistrate Judge's M&R.

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the complaint. Fannie Mae v. Quicksilver LLC, 155 F. Supp. 3d 535, 542 (M.D.N.C. 2015). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Facial plausibility means allegations that allow the court to draw the reasonable inference that defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.

At the same time, specific facts are not necessary—the complaint need only "give the defendant fair notice of what the ... claim is and the grounds upon which it

2

Case 3:19-cv-00619-RJC-DCK   Document 26   Filed 04/01/21   Page 2 of 7

rests." Twombly, 550 U.S. at 555. Additionally, when ruling on a motion to dismiss, a court must accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 93–94 (2007). Nonetheless, a court is not bound to accept as true legal conclusions couched as factual allegations. Papasan v. Allain, 478 U.S. 265, 286 (1986). "Courts cannot weigh the facts or assess the evidence at this stage, but a complaint entirely devoid of any facts supporting a given claim cannot proceed." Potomac Conference Corp. of Seventh-Day Adventists v. Takoma Acad. Alumni Ass'n, Inc., 2 F. Supp. 3d 758, 767–68 (D. Md. 2014). Furthermore, the court "should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

## III. DISCUSSION

The Magistrate Judge recommended that this Court grant Defendants' Motion to Dismiss on two independent and sufficient grounds: first, because Plaintiff's claims are untimely as to all defendants, and second, because individuals cannot be held liable under Title VII or the ADEA.[1] (Doc. No. 22 at 1.) The Magistrate Judge also recommended that this Court deny Defendants' request for attorneys' fees and costs. (Id. at 10.) Defendants did not object to any portion of the M&R, and the time to do so having passed, have waived any objection. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). Plaintiff, meanwhile, filed a motion to reconsider the M&R, listing her disagreement with the Magistrate Judge's

---

[1] The Magistrate Judge also found Defendants' third argument, that Plaintiff had previously released her claims against Defendants, persuasive. However, the Magistrate Judge declined to evaluate this claim based on the strength of the timeliness argument. (Doc. No. 22 at 9.)

3

recommendations, which this Court will construe as an objection to the M&R. (Doc. No. 23.)

Plaintiff objects to the Magistrate Judge's recommendation that the case be dismissed due to Plaintiff's untimely filing. (Doc. No. 23 at 1.) Plaintiff does not deny that she filed her action over 180 days after Defendants' alleged wrongful conduct, but states that the Court should weigh other factors against this point: namely, that she was the only caregiver for her husband when he was diagnosed with cancer, and that she suffered from acute depression and inferior infarct in addition to financial loss, family discomfort, and separation around the time in question, in addition to being unfamiliar with the filing rules. (Id.) Plaintiff argues that Equal Employment Opportunity Commission ("EEOC") Regulation 29 C.F.R. § 1614.604(c) provides that the 180-day requirement in question can be waived or extended under certain circumstances, including when the Plaintiff is unfamiliar with the EEOC complaint process. (Id.) Furthermore, Plaintiff alleges that the EEOC allowed Plaintiff to file a lawsuit within 90 days of their August 27, 2019 notice, which Plaintiff did, suggesting that her filing window had not closed. (Id. at 2.)

"Before a plaintiff has standing to file suit under Title VII, he must exhaust his administrative remedies by filing a charge with the EEOC." Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002); see also 42 U.S.C. § 2000e-5(f)(1). The time limit for filing a claim with the EEOC is 180 days from the last discriminatory act, Spivey v. Research Triangle Reg'l Pub. Transp. Auth., 2015 WL 5455919, at *8 (E.D.N.C. Sept. 16, 2015), "unless within that period the claimant had initially

instituted proceedings with a state or local agency, in which case the charge must be filed with the EEOC within 300 days. When the plaintiff fails to file such a complaint in a timely fashion with the EEOC, the claim is time-barred in federal court." McCullough v. Branch Banking & Tr. Co., 35 F.3d 127, 131 (4th Cir. 1994).

Here, Plaintiff alleges that the discriminatory acts on which the Complaint is based occurred between April 2018 and November 2018. (Doc. No. 4 at 4.) Plaintiff also alleges that she filed a charge with the EEOC on August 26, 2019. (Id. at 5.) In order to file within 180 days of the last transgression, even if the most recent act had occurred on the last day of November 2018, Plaintiff would have had to file her complaint with the EEOC by May 28, 2019 to file within the 180-day window. Plaintiff did not do so, and does not contest that she filed after the 180-day deadline. (Doc. No. 23.) Therefore, "unless equitable principles either toll the limitations period or estop [Defendant] from asserting the limitations period as a defense," the EEOC claim must be dismissed. Muir v. Winston-Salem State Univ., No. 1:11-CV-282, 2012 WL 683359, at *6 (M.D.N.C. Mar. 2, 2012).

Like other statutes of limitations, the 180-day EEOC limitation is "is subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). Plaintiff has not alleged that Defendants waived the 180-day limitations defense. Nor does estoppel apply, as "[e]quitable estoppel applies only where plaintiffs are prevented from bringing their claims by the defendant's wrongful conduct." Muir v. Winston-Salem State Univ., No. 1:11-CV-282, 2012 WL 683359, at *6 (M.D.N.C. Mar. 2, 2012). Plaintiff has not alleged here that Defendants wrongfully prevented Plaintiff from bringing a complaint to the EEOC.

5

Equitable tolling, finally, is "appropriate when, but only when, extraordinary circumstances beyond [the Plaintiff's] control prevented [her] from complying with the statutory time limit." Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir.2001) (internal citations omitted). Plaintiff describes herself as having gone through extreme personal difficulty during the period in question; however, the law requires that the difficulties completely prevent filing by making it "impossible" rather than "very difficult" for her to file her EEOC complaint within 180 days, and Plaintiff alleges difficulty and lack of knowledge rather than the impossibility required for equitable tolling. Yarborough v. Burger King Corp., 406 F. Supp. 2d 605, 608 (M.D.N.C. 2005) ("the difficulties presented by Mr. Griffin's illness did not make it 'impossible' for Plaintiffs to file on time and equitable tolling is not appropriate").

Therefore, given that Plaintiff's claim was filed over 180 days after the alleged incidents, and given that the 180-day time limitation is not subject here to waiver, estoppel, or equitable tolling, the "claim is time-barred in federal court." McCullough, 35 F.3d at 131. Furthermore, even if the Court broadly construes Plaintiff's Complaint to include a claim under the Age Discrimination Employment Act of 1967 ("ADEA"), despite Plaintiff not having checked the ADEA box in either pleading, (Doc. No. 1 at 3–4, Doc. No. 4 at 3–4), that claim would fail for the same reason, as the ADEA contains the same 180-day filing limitation. See 29 U.S.C. § 626(d)(1)(A).

Plaintiff did not object to the remainder of the M&R beyond the timeliness issue, and the time for doing so having passed, Plaintiff has waived the right to de novo review of any other issue covered in the M&R. See Arn, 474 U.S. at 149–50.

6

Case 3:19-cv-00619-RJC-DCK    Document 26    Filed 04/01/21    Page 6 of 7

Nevertheless, this Court has conducted a full review of the M&R and other documents of record and hereby finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved.

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 22), is **ADOPTED**;
2. Defendants' Motion to Dismiss, (Doc. No. 10), is **GRANTED**;
3. Plaintiff's Complaint, (Doc. No. 1), and Amended Complaint, (Doc. No. 4), are **DISMISSED with prejudice**;
4. Defendants' request for attorneys' fees and costs, (Doc. No. 10), is **DENIED**; and
5. The Clerk of Court is directed to close this case.

**SO ORDERED**.

Signed: March 31, 2021

Robert J. Conrad, Jr.
United States District Judge